IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL SOTO-AGUILERA and  *
REMBERTO GUIROLA RAMOS,    *
on behalf of themselves and *
all those similarly-situated *
who consent to representation, *
                           *
    Plaintiffs,            *
                           *
v.                         *  CIVIL ACTION NO:
                           *
SHELITHA RENEE ROBERTSON,  *
JACQUELYN WHITE, and THE RENEE *
GROUP, INC.,               *
                           *  **JURY TRIAL DEMANDED**
    Defendants.            *

**COMPLAINT**

Comes now, the above-named Plaintiffs, and file their Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of wage and overtime laws, and retaliation.  This is also an action for violations of 26 U.S.C. § 7434 for civil damages and penalties associated with fraudulent information filings.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant Shelitha Renee Robertson is the Chief Executive Officer, and owner of Defendant The Renee Group, Inc. (hereinafter referred to as "Renee Group").

4.

Defendant Jacquelyn White is the Chief Financial Officer and Secretary of the Renee Group.

5.

Defendant Robertson is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

6.

Defendant White is a "person acting directly or indirectly in the interest of an employer" as defined by 29 U.S.C. § 203(d).

7.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

8.

Defendants are an "enterprise" engaged in commerce or the production of goods for commerce as defined by 29 U.S.C. § 203(s).

9.

Defendants "ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate or international] commerce by any person" as defined by 29 U.S.C. § 203(s).

10.

Defendants have an "annual gross volume of sales made or business done [of] not less than $500,000" as defined by 29 U.S.C. § 203(s).

11.

Plaintiffs are "employee[s]" of Defendants as defined by 29 U.S.C. § 203(e).

12.

From approximately November 2016 until January 2021, Plaintiff Daniel Soto-Aguilera was employed by Defendants as a laborer installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

13.

From approximately May 2016 until January 2021, Plaintiff Remberto Guirola Ramos was employed by Defendants as a laborer installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

14.

Plaintiffs bring their FLSA claim as a collective action on behalf of themselves and on behalf of all current or former similarly-situated laborers employed by Defendants who consent to join this action as party plaintiffs under 29 U.S.C. § 216(b).

15.

A similarly-situated laborer means all persons working for Defendants, employed or previously employed, in a position of laborer or otherwise installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing, who were misclassified as independent contractors and/or worked hours in excess of forty (40) hours per week, were not paid overtime wages, and who worked for Defendants at any time between February 9, 2018 to the present.

16.

Defendants are subject to the wage and hour and overtime provisions under the FLSA.

17.

Defendant Robertson resides in the State of Georgia.

18.

This Court has personal jurisdiction over Defendant Robertson.

19.

Defendant White resides in the State of Georgia.

20.

This Court has personal jurisdiction over Defendant White.

21.

Defendant Renee Group is a Georgia corporation doing business within the State of Georgia, with its principal place of business at 1285 Shanter Trail, Atlanta, Fulton County, Georgia, 30311.

22.

Defendant Renee Group is a Georgia corporation doing business within the State of Georgia, with Jameel Manji serving as its registered agent, and maintaining its registered address at 315 W. Ponce de Leon Avenue, Suite 400, Decatur, DeKalb County, Georgia 30030.

23.

This Court has personal jurisdiction over Defendant Renee Group.

**VENUE**

24.

Defendants reside within the Atlanta Division of the Northern District of Georgia.

25.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

26.

Venue in the Atlanta Division of the Northern District of Georgia is proper for the Defendants under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

27.

The Plaintiffs are former employees of Defendants residing in the Atlanta Division of the Northern District of Georgia.

28.

Defendant Robertson may be served with summons and process at 1285 Shanter Trail, Atlanta, Fulton County, Georgia 30311, or at 305 Selig Drive, S.W., Atlanta, Fulton County, Georgia 30336.

29.

Defendant White may be served with summons and process at 1285 Shanter Trail, Atlanta, Fulton County, Georgia, 30311, or at 305 Selig Drive, S.W., Atlanta, Fulton County, Georgia 30336.

30.

Defendant Renee Group is a for-profit Georgia corporation and may be served with summons and process upon Jameel Manji, its registered agent, at 315 W. Ponce de Leon Avenue, Suite 400, Decatur, DeKalb County, Georgia 30030, or Defendant Robertson at 1285 Shanter Trail, Atlanta, Fulton County, Georgia, 30311, or at 305 Selig Drive, S.W., Atlanta, Fulton County, Georgia, 30336.

**FACTS**

31.

Defendant Renee Group is in the water and sewer utility business, which includes installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

32.

Defendant Robertson is the Chief Executive Officer and sole owner of Defendant Renee Group.

33.

Defendant Robertson is the sole corporate officer of Defendant Renee Group and maintains operational control of Defendant Renee Group.

34.

Defendant Robertson controls, oversees, and directs the day-to-day operation of Defendant Renee Group, including the terms and conditions of the Plaintiffs' employment.

35.

Defendant Robertson's operational control includes establishing the compensation of employees, including the decision to pay the Plaintiffs as independent contractors.

36.

Defendant Robertson's operational control includes establishing the assignments performed by employees, including the Plaintiffs' work assignments.

37.

Defendant Robertson's operational control includes overseeing the work performed by the Plaintiffs.

38.

Defendant White is the Chief Financial Officer and Secretary of Defendant Renee Group.

39.

Defendant White maintains operational control of Defendant Renee Group.

40.

Defendant White controls, oversees, and directs the day-to-day operation of Defendant Renee Group, including the terms and conditions of the Plaintiffs' employment.

41.

Defendant White's operational control includes establishing the compensation of employees, including the decision to pay the Plaintiffs as independent contractors.

42.

Defendant White's operational control includes establishing the assignments performed by employees, including the Plaintiffs' work assignments.

43.

Defendant White's operational control includes overseeing the work performed by the Plaintiffs.

44.

In approximately November 2016, Plaintiff Soto-Aguilera began working for Defendants performing manual labor by installing water

and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

45.

Plaintiff Soto-Aguilera's primary duties included travelling to work locations and performing manual labor by installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

46.

In approximately November 2016, Plaintiff Ramos began working for Defendants, performing manual labor by installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

47.

Plaintiff Ramos' primary duties included travelling to work locations and performing manual labor by installing water and sewer lines, digging ditches, excavating, clearing land, laying concrete and asphalt, and removing and installing fencing.

48.

Throughout Plaintiff Soto-Aguilera's employment, he routinely worked fifty-five (55) to seventy (70) hours a week.

49.

Throughout Plaintiff Ramos's employment, he routinely worked fifty-five (55) to seventy (70) hours a week.

50.

From the beginning of his employment until approximately the middle of 2020, Plaintiff Soto-Aguilera was an employee but was paid by 1099 for tax reporting purposes, without any withholdings of employment taxes, and was not paid overtime.

51.

From the beginning of his employment until approximately the middle of 2020, Plaintiff Ramos was an employee but was paid by 1099 for tax reporting purposes, without any withholdings of employment taxes, and was not paid overtime.

52.

Throughout his relationship with Defendants, Plaintiff Soto-Aguilera was an employee of Defendants as defined by the FLSA.

53.

Throughout his relationship with Defendants, Plaintiff Ramos was an employee of Defendants as defined by the FLSA.

54.

Throughout his relationship with Defendants, the Defendants controlled the work performed by Plaintiff Soto-Aguilera.

55.

Throughout his relationship with Defendants, the Defendants controlled the work performed by Plaintiff Ramos.

56.

Throughout his relationship with Defendants, the work performed by Plaintiff Soto-Aguilera was at the direction of Defendants.

57.

Throughout his relationship with Defendants, the work performed by Plaintiff Ramos was at the direction of Defendants.

58.

Throughout Plaintiff Soto-Aguilera's relationship with Defendants, the Defendants determined his compensation, terms and conditions of employment, maintained the authority to change the terms of his employment, set his work hours and schedule, and maintained employment records, such as time and pay records.

59.

Throughout Plaintiff Ramos's relationship with Defendants, the Defendants determined his compensation, terms and conditions of employment, maintained the authority to change the terms of his employment, set his work hours and schedule, and maintained employment records, such as time and pay records.

-12-

60.

Throughout Plaintiff Soto-Aguilera's relationship with Defendants, he was not paid based on his own opportunities for profit or loss.

61.

Throughout Plaintiff Ramos's relationship with Defendants, he was not paid based on his own opportunities for profit or loss.

62.

Throughout his relationship with Defendants, Plaintiff Soto-Aguilera did not invest in the equipment and material used in performing his job duties.

63.

Throughout his relationship with Defendants, Plaintiff Ramos did not invest in the equipment and material used in performing his job duties.

64.

Throughout his relationship with Defendants, the Defendants provided Plaintiff Soto-Aguilera with the materials, tools, supplies, equipment, and vehicles to travel to off-site locations to perform his job duties.

65.

Throughout his relationship with Defendants, the Defendants provided Plaintiff Ramos with the materials, tools, supplies, equipment, and vehicles to travel to off-site locations to perform his job duties.

66.

Throughout his relationship with Defendants, Plaintiff Soto-Aguilera did not employ others to perform his job duties.

67.

Throughout his relationship with Defendants, Plaintiff Ramos did not employ others to perform his job duties.

68.

The Plaintiffs' duties of installing water and sewer lines is an integral part of Defendants' business.

69.

The Plaintiffs' duties are manual labor duties.

70.

The laborer duties performed by the Plaintiffs do not require the exercise of discretion or independent judgment.

71.

The Plaintiffs' duties are not FLSA exempt duties.

72.

During their employment, the Plaintiffs routinely worked greater than forty (40) hours per week for Defendants.

73.

During their employment, the Plaintiffs have not been paid overtime wages for the hours that they worked in excess of forty (40) hours per week.

74.

Throughout their employment, the actual job duties performed by the Plaintiffs were not exempt under the FLSA.

75.

Plaintiffs are due retroactive payments and liquidated damages for wages and overtime wages for hours worked beyond forty (40) hours per week.

76.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

77.

Defendants knew that their conduct violated the FLSA or showed reckless disregard as to whether their conduct violated the FLSA.

**COUNT ONE:   FLSA MISCLASSIFICATION**

78.

Plaintiffs incorporate herein paragraphs 1 through 77 of their Complaint.

79.

The Plaintiffs were paid by 1099 and not paid hourly wages by Defendants.

80.

The Plaintiffs were not independent contractors for Defendants.

81.

The job duties performed by Plaintiffs while paid by 1099 by Defendants are not exempt job duties under the overtime provisions of the FLSA.

82.

Defendants failed to pay the Plaintiffs for all hours worked, and thereby have violated the minimum wage law.

83.

Defendants have failed to pay Plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

84.

Defendants' conduct entitles Plaintiffs to the amount of their unpaid overtime compensation.

85.

Defendants have failed to comply with the FLSA by presumably classifying the Plaintiffs as an independent contractor, despite fully knowing that it is in violation of the FLSA.

86.

Defendants' actions have been willful as defined in 29 U.S.C. § 255(a).

87.

In December 2020 and January of 2021, Plaintiffs complained to Defendants regarding the failure to pay overtime.

88.

After the Plaintiffs complained, the Defendants have failed to allow the Plaintiffs to work.

**COUNT TWO:   FLSA FAILURE TO PAY OVERTIME WAGES**

89.

Plaintiffs incorporate herein paragraphs 1 through 88 of their Complaint.

90.

The job duties performed by Plaintiffs while employed with Defendants are not exempt job duties under the overtime provisions of the FLSA.

91.

Defendants have failed to pay Plaintiffs one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

92.

Defendants' conduct entitles Plaintiffs to the amount of their unpaid overtime compensation.

**COUNT THREE:   FLSA RETALIATION**

93.

Plaintiffs incorporate herein paragraphs 1 through 92 of their Complaint.

94.

The Plaintiffs engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that they were not being paid for hours worked and overtime as required by the FLSA.

95.

In response, Defendants have failed to allow the Plaintiffs to work and effectively terminated the Plaintiffs.

96.

Defendants' actions are in retaliation for the Plaintiffs' statutorily protected complaints in violation of 29 U.S.C. § 215(3), and have caused the Plaintiffs loss of pay, benefits, and emotional distress.

97.

Defendants' conduct entitles Plaintiffs to all legal and equitable relief provided for under 29 U.S.C § 216(b), including, but not limited to, loss of pay, benefits, compensatory and emotional distress damages.

**COUNT FOUR:   FLSA LIQUIDATED DAMAGES**

98.

Plaintiffs incorporate herein paragraphs 1 through 97 of their Complaint.

99.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

**COUNT FIVE:   FALSE TAX FILINGS**

100.

Plaintiffs incorporate herein paragraphs 1 through 99 of their Complaint.

101.

Defendants improperly failed to withhold taxes on Plaintiffs' income and instead mischaracterized Plaintiffs as independent contractors in its information filings with the Internal Revenue Service.

102.

Plaintiffs incurred additional taxes as a direct result of Defendants' intentional actions.

103.

As a result, Plaintiffs are entitled to civil damages in an amount equal to the greater of $5,000.00 or the sum of any actual damages they sustained as a proximate result of the filing of the fraudulent information return, the costs of the action, and reasonable attorney's fees pursuant to 26 U.S.C. § 7434.

**PRAYER FOR RELIEF**

104.

Wherefore, the Plaintiffs pray for a judgment as follows:

1.  That the Court grant full back pay for unpaid wages and overtime wages owed to the Plaintiffs;

2.  That the Court grant Plaintiffs liquidated damages and compensatory damages under the FLSA;

3.  That the Court grant Plaintiffs damages and penalties under 26 U.S.C § 7434;

4.  That the Court grant Plaintiffs pre-judgment interest;

5.  That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

6.  That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA, 42 U.S.C § 1988, and/or O.C.G.A. § 13-6-11;

7.  That the Court grant Plaintiffs a jury trial;

8.  That the Court hold the Defendants jointly and severally liable;

9.  That the Court grant Plaintiffs all other relief the Court deems just and proper; and

10. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further violations of the FLSA.

Respectfully submitted this 11th day of February 2021.

**THE REDDY LAW FIRM, P.C.**

/s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiffs
Georgia Bar No. 597320
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024

-21-

```
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net
```